| **ADVERSARY PROCEEDING COVER SHEET** (Instructions on Reverse) | **ADVERSARY PROCEEDING NUMBER** |
|---|---|

| **PLAINTIFFS** Discover Bank, Issuer of the Discover Card | **DEFENDANTS** Gene Michael Monteagudo |
|---|---|
| **ATTORNEYS** (Firm Name, Address, and Telephone No.) Jason D. Anderson Weinstein & Riley, P.S. 2001 Western Avenue, Suite 400 Seattle, WA 98121 206-269-3490 | **ATTORNEYS** (If Known) MARGARET MAXWELL MCCLURE ATTORNEY AT LAW 909 FANNIN, SUITE 3810 HOUSTON, TX 77010 713-659-1333 |
| **PARTY** (Check One Box Only) ☐ Debtor         ☐ U.S. Trustee/Bankruptcy Admin ☒ Creditor       ☐ Other ☐ Trustee | **PARTY** (Check One Box Only) ☒ Debtor         ☐ U.S. Trustee/Bankruptcy Admin ☐ Creditor       ☐ Other ☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)
**Claim for Nondischargeability of Debt pursuant to § 523(a)(2)**

## NATURE OF SUIT
(Number up to five (5) boxes starting with the lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐  11- Recovery of money/property - §542 turnover of property
☐  12- Recovery of money/property - §547 preference
☐  13- Recovery of money/property - §548 fraudulent transfer
☐  14- Recovery of money/property – other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐  21- Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐  31- Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐  41- Objection / Revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) –  Revocation of Confirmation**
☐  51- Revocation of confirmation

**FRBP 7001(6) –  Dischargeability**
☐  66-Dischargeability - §523(a),(1),(14),(14A) priority tax claims
☒  62-Dischargeability - §523(a)(2) false pretenses, false representation,
     Actual fraud
☐  67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

**(continued next column)**

**FRBP 7001(6) – Dischargeability (continued)**
☐  61- Dischargeability - §523(a)(5), domestic support
☐  68- Dischargeability - §523(a)(6), willful and malicious injury
☐  63- Dischargeability - §523(a)(8), student loan
☐  64- Dischargeability - §523(a)(15), divorce/sep property settlement/decree
☐  65- Dischargeability – other

**FRBP 7001(7) – Injunctive Relief**
☐  71- Injunctive relief – reinstatement of stay
☐  72- Injunctive relief – other

**FRBP 7001(8) – Subordination of Claim or Interest**
☐  81-Subordination of claim or interest

**FRBP 7001(9) – Declaratory Judgment**
☐  91- Declaratory Judgment

**FRBP 7001(10) – Determination of Removed Action**
☐  01- Determination of removed claim or cause

**Other**
☐  SS-SIPA Case – 15 U.S.C. §§78AAA *et.seq.*
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case

| ☐ Check if this case involves a substantive issue of state law. | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $6,000.00 |

Other Relief Sought

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | |
|---|---|---|
| NAME OF DEBTOR<br>Gene Michael Monteagudo | | BANKRUPTCY CASE NO.<br>12-30554 |
| DISTRICT IN WHICH CASE IS PENDING<br>SOUTHERN | DIVISIONAL OFFICE<br>HOUSTON | NAME OF JUDGE<br>MARVIN ISGUR |
| RELATED ADVERSARY PROCEEDING (IF ANY) | | |
| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISIONAL OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br><br>/s/ Jason D. Anderson | | |
| DATE<br><br>3/19/2012 | | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>Jason D. Anderson |

## INSTRUCTIONS

The filing of the bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all the property of the debtor, wherever that property is located.  Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate.  There also may be lawsuits concerning the debtor's discharge.  If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also complete and file Form 104, the Adversary Proceeding Cover Sheet, if it is required by the court.  In some courts, the cover sheet is not required when the adversary proceeding is field electronically through the court's Case Management/Electronic Case Files (CM/ECF) system.  (CM/ECF captures the information on Form 104 as part of the filing process.)  When completed, the cover sheet summarizes basic information on the adversary proceeding.  The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on our court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court.  The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney).  A separate cover sheet must be submitted to the clerk for each complaint filed.

**Parties.**  Give the name of the parties to the adversary proceeding exactly as they appear on the complaint.  Give the names and addresses of the attorneys if known.

**Signature.**  This cover sheet must be signed by the attorney of record in the box on the second page of the form.  If the plaintiff is represented by a law firm, a member of the firm must sign.  If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

Jason D. Anderson
Weinstein & Riley, P.S.
2001 Western Avenue, Suite 400
Seattle WA 98121
Phone: 206-269-3490
Fax:  206-269-3493
JasonA@w-legal.com

**UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| In re:<br><br>Gene Michael Monteagudo,<br><br>　　　Debtor. | Bankruptcy Case No.  12-30554 |
| Discover Bank, Issuer of the Discover Card,<br><br>　　　Plaintiff,<br><br>v.<br><br>Gene Michael Monteagudo,<br><br>　　　Defendant. | Adversary No.<br><br>**COMPLAINT OBJECTING TO**<br>**DISCHARGEABILITY OF**<br>**INDEBTEDNESS**<br>**(11 U.S.C. § 523)** |

COMES NOW Plaintiff, by and through its attorney of record, Jason D. Anderson, to

allege and complain as follows:

## I.  PARTIES AND JURISDICTION

1.　　Plaintiff is a foreign corporation licensed to do business in the State of Texas with all

　　　fees and licenses paid, and otherwise is entitled to bring this action.

2.　　Defendant filed a Chapter 7 bankruptcy petition on 01/26/2012.

3.　　Jurisdiction is vested in Court proceeding pursuant to 28 U.S.C. § 157, 28 U.S.C. §

　　　1334, and 11 U.S.C. § 523; this proceeding is a core matter.

4.　　Plaintiff is a creditor in the Defendant's bankruptcy case.

## II. CAUSE OF ACTION

5.    Plaintiff re-alleges and incorporates by reference the allegations set forth in paragraphs
      1 through 4, above.

6.    Defendant had a charge account with Discover Bank, Issuer of the Discover Card,
      Account No. XXXXXXXXXXXX1717.

7.    Defendant incurred charges and/or cash advances on this account totaling $11,280.39,
      including interest, as of 01/26/2012, the date the bankruptcy petition was filed.

8.    Between 06/28/2011 and 06/29/2011 Defendant accumulated $6,000.00 in retail
      charges.

9.    Defendant's debt is a "consumer debt", as defined by 11 U.S.C.§ 101(8).

10.   By obtaining and/or accepting an extension of credit from Plaintiff and incurring
      charges on the account, Defendant represented an intention to repay the amounts
      charged.

11.   Plaintiff justifiably relied on the representations made by Defendant.

12.   Defendant incurred the debts when Defendant had no ability or objective intent to
      repay them.

13.   Defendant obtained credit extended from Plaintiff by false pretenses, false
      representations and/or actual fraud.

14.   As a result of Defendant's conduct, Plaintiff has suffered damages in the amount of
      $6,000.00.

15.   Pursuant to 11 USC § 523(a)(2), Defendant should not be granted a discharge of this
      debt to the Plaintiff in the amount of $6,000.00.

### III. PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that this Court grant the following relief:

1.     A monetary judgment against Defendant in the amount of $6,000.00, plus

accrued interest at the contractual rate from and after 01/26/2012, plus

additional interest at the contractual rate, which will continue to accrue until

the date of judgment herein;

2.     An order determining that such debt is non-dischargeable under 11 USC §

523(a)(2);

3.     An order awarding Plaintiff its attorneys' fees and costs incurred herein; and

4.     An order awarding Plaintiff such additional relief as this Court deems just and

equitable.

DATED: March 19, 2012

/s/ Jason D. Anderson
Jason D. Anderson, Bar No. 24071946
Weinstein & Riley, P.S.
2001 Western Avenue, Suite 400
Seattle, WA 98121
TEL: 206-269-3490
FAX: 206-269-3493

**ATTORNEY FOR PLAINTIFF**

Gene Michael Monteagudo
12-30554

OWNERSHIP DISCLOSURE STATEMENT

      Pursuant to the requirements of Federal Rules of Bankruptcy Procedure 7007.1, Plaintiff discloses that no entity directly or indirectly owns ten percent (10%) or more of any class of the corporation's equity interests.

/s/ Jason D. Anderson
Jason D. Anderson, Bar No. 24071946
Weinstein & Riley, P.S.
2001 Western Avenue, Suite 400
Seattle, WA 98121
TEL: 206-269-3490
FAX: 206-269-3493

**ATTORNEY FOR PLAINTIFF**